United States District Court
Southern District of Texas
FILED

OCT 1 3 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CLIFFORD POLLARD TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:14-MC-1851 |
| | § | |
| U.S. DEPARTMENT OF JUSTICE | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Clifford Pollard Turner, a state prisoner proceeding pro se, initiated this miscellaneous action by filing an application to proceed in forma pauperis (IFP). (Docket No. 1.) The undersigned entered an order explaining that the application was deficient both because Plaintiff failed to describe the nature of his proposed lawsuit and because he did not include a certified statement of his inmate trust fund account. (Docket No. 3.) Plaintiff belatedly responded with an amended application that indicates he intended to assert a civil rights action against the Marshals Service, but he again failed to submit a certified statement of his inmate trust fund account. (Docket No. 4.) Plaintiff has taken no further action in this case. The undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

Because Plaintiff's initial IFP application did not give any indication of the nature of his claim(s), the undersigned entered an order explaining that to proceed in forma pauper, he must state in an affidavit "the nature, defense or appeal and affiant's belief that the person is entitled to relief." (Docket No. 3 at 1 (quoting 28 U.S.C. § 1915(a)(1).) Plaintiff was also advised that his IFP application "failed to include a certified statement of his inmate trust fund account for the six-

month period preceding the filing of this action" and that "such an account statement" was required "in order to qualify to proceed in forma pauperis." (Docket No. 4 at 2-3 (citing 28 U.S.C. § 1915(a)(2).) Plaintiff was direct to correct these deficiencies and given forty days in which to do so.

Over a year later, Plaintiff filed an "Amended" IFP application indicating that he intended to assert a civil rights claim against the U.S. Marshals alleging that he was denied needed mental health medication.[1] (Docket No. 4.) But he again failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has since taken no further action in this case.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

---

[1] At various points, Plaintiff has also requested "three sets of a 28 U.S.C. § 2255 form" and "three sets of a 28 U.S.C. § 2254 form," but he has not asserted any claims that would be appropriately litigated in either type of collateral proceeding. (*See* Docket No. 2, at 3; Docket No. 5, at 3.) Most recently, Plaintiff has repeated his request for copies of the forms used for § 2254 proceedings; however, he again failed to indicate how such forms relate to this action. (Docket No. 6.)

Federal law requires the Clerk to collect a filing fee for a person seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1) & (2). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Plaintiff has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis. He also failed to comply with the court order that he either pay the filing fee or submit a properly supported application to proceed in forma pauperis. This action should be dismissed for failure to prosecute because Plaintiff both failed to pay the filing fee and failed to comply with a court order.[2] *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *see also Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the filing fee and failed to comply with the court's orders); *McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where

---

[2] As noted in undersigned's initial order, Plaintiff has previously been instructed by other courts regarding similar deficiencies. *See, e.g., In re Clifford Pollard Turner*, 2:07-mc-19, Docket No. 41 (denying IFP application and barring Plaintiff from filing additional deficient IFP applications); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (citing Federal Rule of Evidence 201(b)(2) and noting that a court "may take judicial notice of its own records in other cases").

3

Plaintiff failed to pay the civil filing fee). It appears that no lesser sanction is available since Plaintiff has taken no further action in this case.[3]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 13, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE

---

[3] As noted, Plaintiff has requested forms for collateral proceedings, *see supra* n.2, but that does not constitute any action to prosecute this case. A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 3), the District Court may then wish to consider whether less drastic sanctions might be appropriate.