United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CLIFFORD POLLARD TURNER, | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | MISC. ACTION NO. 7:14-MC-01851 |
| U.S. DEPARTMENT OF JUSTICE, | | |
| Defendant. | | |

### REPORT AND RECOMMENDATION

Plaintiff Clifford Pollard Turner, a state prisoner proceeding pro se, initiated this miscellaneous action by filing an application to proceed in forma pauperis (IFP). (Docket No. 1.) Pending before the Court is Plaintiff's second amended IFP application. (Docket No. 12.) However, due to Plaintiff's repeated inability to cure the deficiencies in his proposed action, the Court closed this miscellaneous action over two years ago. (Docket Nos. 8, 9.) As such, the undersigned recommends that Plaintiff's second amended IFP application be denied as moot.

### I.  BACKGROUND

As noted, in November 2014—over eight years ago—Plaintiff initiated this miscellaneous action by filing an IFP application. (Docket No. 1.) However, Plaintiff was informed that his initial IFP was deficient because he "failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action." (Docket No. 3, at 1-2 (citing 28 U.S.C. § 1915(a)(2)).) In addition, Plaintiff was made aware that his initial pleading was also deficient because he failed to describe "the nature of the [proposed] action." (*Id.* at 1.) Plaintiff was ordered to correct these deficiencies and given forty days in which to do so. (*Id.* at 2.)

Over a year later, Plaintiff responded by filing an amended IFP application indicating that he intended to assert a civil rights claim against the U.S. Marshals alleging that he was denied needed "mental health medications while . . . in their custody." (Docket No. 4, at 1.) Plaintiff's amended IFP application again failed to include a certified statement of his inmate trust fund account. (*See id.*) Other than requesting various forms from the Clerk, Plaintiff has taken no further action in this case. (*See* Docket No. 4-1, at 1; Docket No. 5, at 3; Docket No. 6.) As such, because Plaintiff failed to show that he qualified to proceed in forma pauperis, and otherwise failed to properly respond to the Court, his miscellaneous action was ultimately dismissed based on his failure to prosecute. (*See* Docket Nos. 7-9.)

Plaintiff responded by filing the pending second amended IFP application. (Docket No. 12.) In his latest application, Plaintiff continues to assert that he has no money or assets of any kind. (*Id.* at 1-3.)

## II.  ANALYSIS

"The grant of subject matter jurisdiction to the federal courts found in Article III of the United States Constitution extends only to actual 'cases' and 'controversies.'" *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citing U.S. CONST. art. III, § 2). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). "With the designation of mootness comes the concomitant designation of non-justiciability." *Id.* Mootness may be found when (1) the issues presented are no longer live, or (2) a party lacks a legally cognizable interest in the outcome (also referred to as the "personal stake requirement"). *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).

Furthermore, while a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees."  28 U.S.C. § 1915(a).  The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948).  In actions for civil damages, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly.").

Here, Plaintiff's second amended IFP application should be denied as moot.  To begin with, the significant "passage of time" here supports the denial of Plaintiff's IFP application as moot. *See Am. Med. Ass'n v. Bowen*, 857 F.2d at 270.  Specifically, there is a six-year gap between Plaintiff initiating this miscellaneous action and his most recent IFP application.  (*See* Docket Nos. 1, 12.)  In addition, there is no indication that given the passage of time, "the issues presented are [still] live." *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. at 396.  Finally, the Court has been "appropriately lenient" with Plaintiff in giving him considerable time to correct his deficiencies, which he failed to do so for many years.[1]  *Hulsey*, 929 F.2d at 171 ("right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law").

---

[1] It bears repeating that Plaintiff has previously been instructed by other courts regarding similar deficiencies. *See, e.g.*, *In re Clifford Pollard Turner*, 2:07-mc-19, Docket No. 41 (denying IFP application and barring Plaintiff from filing additional deficient IFP applications); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (citing Federal Rule of Evidence 201(b)(2) and noting that a court "may take judicial notice of its own records in other cases").

## III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's second amended application to proceed in forma pauperis (IFP) (Docket No. 12) be denied as moot.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 6th of April, 2023 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge